## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | | |
|---|---|---|
| BRANDI RICCIARDONE, | ) | |
| | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. _____ |
| NATIONAL CREDIT ADJUSTERS, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMAND** |

## COMPLAINT

Now comes BRANDI RICCIARDONE ("Plaintiff"), complaining as to the

conduct of NATIONAL CREDIT ADJUSTERS, LLC ("Defendant"), for its unlawful

conduct as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action for damages pursuant to the Fair Debt

Collection Practices Act ("FDCPA") under 15 U.S.C § 1692 *et seq.*

### JURISDICTION AND VENUE

2.      This action arises under and is brought pursuant to the FDCPA.  Subject

matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the

action arises under the laws of the United States.

3.      Venue is proper in the Court pursuant to 28 U.S.C. § 1391 as the

substantial portion of the events giving rise to the claims occurred within the Middle

District of Tennessee.

[ 1 ]

4.      Plaintiff is a natural person residing within this District.

5.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

6.      At some point prior to November 28, 2018, Plaintiff began receiving phone calls from Defendant regarding a purported debt incurred for personal (not business) purposes.

7.      Defendant began calling Plaintiff's place of employment regarding the purported debt.

8.      Plaintiff informed Defendant multiple times that Plaintiff was at work and was not permitted to take such phone calls.

9.      Plaintiff requested Defendant cease and desist calling her while at work.

10.     The excessive number of phone calls from Defendant to Plaintiff's place of employment resulted in Plaintiff's reduction from a full-time employee to a part-time employee.

11.     Eventually, the excessive number of phone calls from Defendant to Plaintiff's place of employment resulted in Plaintiff's eventual termination.

12.     Plaintiff has suffered actual damages in lost employment and lost wages as well as severe emotional distress and frustration.

[ 2 ]

## COUNT I—VIOLATIONS OF THE FDCPA

13.     Plaintiff realleges the paragraphs above as if fully set forth herein.

14.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

15.     Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of their business is the collection of debt.  Alternatively, Defendant is a "debt collector" because they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due by another.

16.     The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

17.     FDCPA § 1692c(a) forbids debt collector from communicating "with a consumer in connection with a the collection of a debt (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…; (3) at the consumer's place of employment if the debt collector know or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."

18.     Defendant repeatedly called Plaintiff in connection with the purported debt while Plaintiff was at work.

19.     Plaintiff verbally informed Defendant on several occasions that she was not able to talk on the phone while she was at work, constituting actual knowledge on the part of Defendant that this was a particularly inconvenient time and place for Plaintiff.

[ 3 ]

20.     Further, Plaintiff verbally informed Defendant that Plaintiff's employer did not permit her to take such calls while Plaintiff was at work, constituting actual knowledge on the part of Defendant that Plaintiff's employer prohibited Plaintiff from receiving such communication.

21.     Defendant's repeated phone calls to Plaintiff while Plaintiff was at work resulted in Plaintiff's reassignment from a full-time employee to a part-time employee and her eventual termination of employment.

22.     Plaintiff suffered actual economic harm in the form of lost employment and lost wages, as well as actual noneconomic harm in the form of severe emotional distress and frustration.

23.     Plaintiff is further entitled to statutory damages of up to $1,000 for violation of the FDCPA.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a.      Declaring that the practices complained herein are unlawful and violate the aforementioned bodies of law;

b.      Awarding Plaintiff statutory damages in an amount to be determined at trial.

c.      Awarding Plaintiff actual damages in an amount to be determined at trial;

d.      Awarding Plaintiff the costs of this action; and

e.      Awarding Plaintiff any other relief as the Honorable Court deems just and appropriate.

[ 4 ]

**A TRIAL BY JURY IS DEMANDED.**


Dated:  June 5, 2019


By:  s/ W. Allen McDonald
W. Allen McDonald, Esq.
Lacy, Price & Wagner, P.C.
249 North Peters Rd.
Suite 101
Knoxville, TN  37923
(865) 246-0800
(865) 690-8199 FAX

s/ Jonathan Hilton
Jonathan Hilton (0095742)*
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com

*pro hac vice to be submitted.

[ 5 ]